### In re ALFRED KESSLER & CO.

#### Ex parte HEINE & CO.

(District Court, S. D. New York. February 25, 1910.)

BANKRUPTCY (§ 340*)—CLAIMS—FORM—PROOF.

Claimant, a bank, sent to the bankrupt's receiver an account showing the general balance of its claim against the bankrupt in the form of a bank account, shortly following the filing of the petition. An attorney representing claimant testified that, a very few days thereafter, he had a conversation with the receiver, who was afterwards trustee, and was informed that the receiver had received the claim, and that "it was all right." The receiver testified that, while he would not contradict such testimony, he had no recollection of the interview, and no sworn claim in proper form was ever filed within the time prescribed. *Held*, that such evidence was insufficient to establish an agreement between the creditor and the trustee as to the sufficiency of the claim, and that the claimant was, therefore, not entitled to amend.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 340.*]

In the matter of the bankruptcy proceedings of Alfred Kessler & Co. On petition of Heine & Co. to review a referee's order declining to allow petitioner to amend its proof of claim. Affirmed.

See 174 Fed. 906.

This is a petition to review the order of the referee in bankruptcy declining to allow the petitioner to amend its proof of claim so as to conform with the statute. The bankrupts made an assignment for the benefit of creditors on October 30, 1907, and thereafter the assignee for the benefit of creditors sent a notice to all creditors that they should submit to him their claims in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

writing. The petitioner filed a signed copy of the account stated between the bankrupt and themselves, which set forth in full detail all the items of the account, and stated the general balance. The account was in the usual form of a bank account; the petitioners being themselves French bankers. Accompanying the account was a letter to the assignee of which the following is a copy:

.“Paris, November 12, 1907.

“William Williams, Esq., 35 Wall Street, New York—Dear Sir: Re Kessler & Co. We are in receipt of your circular of October 31st, contents of which have had our attention, and, referring to the letter we addressed on the 6th inst. to Messrs. Kessler & Co., we beg to hand you herewith extract of account of the said firm, made up the 7th of November, and showing a debit balance of $27,159.47. We authorize by this mail Messrs. Heidelbach, Ickelheimer & Co. of your city to represent us in this matter, which we mention for your government, and, awaiting your communication, we remain, dear sir,

“Yours faithfully,                                    Heine & Co.”

On the 8th of November, 1907, a petition in bankruptcy was filed against the bankrupts, and Lawrence E. Sexton was appointed receiver, and subsequently and on November 22, 1907, they were adjudicated bankrupts, and on or about December 30, 1907, the receiver was appointed trustee. Some two months before November 22, 1908, the trustee sent out a notice to all creditors telling them the date at which the time would expire to prove claims. This was in the nature of a warning. The petitioner filed no other papers than those which they filed with the assignee, but the assignee upon the qualification of the receiver turned over to the receiver all the papers of the bankrupts and all papers which he had received during his own incumbency, and among these papers were the letter and account sent by the petitioner to the assignee.

Some time a very few days after November 8, 1907, Mr. Delos McCurdy, who at that time was attorney for the New York correspondent of the petitioner, had an interview with the trustee, who was then receiver. Mr. McCurdy says that at the first interview he asked the receiver if he had received from the assignee a claim of the petitioner against the bankrupt estate; that the receiver told him to come in a day or two afterwards; that he did come a day or two afterwards and again asked the receiver if the claim was received from the assignee, and the receiver said it was. Mr. McCurdy asked him if it was all right, and he said it was. The receiver, who was sworn, says that he will not contradict the statement of Mr. McCurdy, but he has no recollection of the interview.

After the expiration of the year the petitioner filed an amendment to his claim which complied with the statute and the question before the referee was as to whether the amendment should be allowed. The referee has decided against the amendment.

Wallace MacFarlane, for the trustee.

Thomas & Oppenheimer, for Heine & Co.

HAND, District Judge (after stating the facts as above). There are two points upon both of which the petitioner must succeed in order to succeed upon the appeal. He must first show that a proof of claim need not contain in writing any indication that it is a claim against the bankrupt estate; and, second, if he succeeds upon that point, he must show that the conversation between the trustee, then the receiver, and Mr. McCurdy estopped the trustee from denying that some sort of claim had been filed.

I do not think it is necessary to make any decision upon the first point, although I can see many evils which would arise from permitting oral testimony to show that some of the papers, which came into the hands of the trustee, he agreed to treat as proofs of claim. When

the Congress says that the proof of claim must be in writing, it must mean that there are certain essential elements without which it is no "claim" at all. I should think that one of those elements must be some indication in the writing that the "claim" is a demand against the bankrupt estate. No case goes so far as to remove that essential. However, I make no decision upon that question because it is not necessary.

The most that the petitioner can claim is that because of the conversation between the trustee, then receiver, and Mr. McCurdy, the trustee consented that the petitioner's statement and letter, which he had received with the other papers from the assignee, should stand in the place of a proof of claim. If any paper is to be treated as a proof of claim which the parties agree on, I am certainly of opinion that the oral testimony on which the parties rely must be clear and explicit. The trustee has no recollection of the conversation; but, assuming that Mr. McCurdy's recollection is accurate, it by no means goes far enough to show that the trustee consented to accept the papers in lieu of a formal proof of claim. He was asked whether he had received them from the assignee, and he said that he had, and that they were all right. At the time when this conversation took place, no trustee had been appointed, and no adjudication had taken place. No proof of claim could have been filed. It is inconceivable to my mind that either party to the conversation could have intended that the papers referred to should stand in lieu of a proof of claim. The receiver did not know that he would be elected trustee; he did not know that there would be an adjudication. It would have been rash and improper for him to have agreed, on behalf of the future trustee and in the event of a future adjudication, that any existing papers should have stood in place of a proof of claim. I do not even mean to decide that such an agreement would have bound the estate, though the receiver was subsequently made trustee; but I do mean to decide that it would be most unreasonable to construe the language used as intended by the parties to constitute so certain an agreement as must exist, if this paper is by estoppel to be construed as a proof of claim.

Therefore, the proof falls short, in my opinion, of an agreement that the papers should stand as a proof of claim. Assuming all that Mr. McCurdy says to be true, it would be an extreme thing to infer from it any intention to do more than ascertain whether the petitioner's account was in the receiver's hand. But at the least the petitioner must go further and show that at some time the creditor agreed with the trustee that the paper, which did not purport to be a claim against the estate, should be treated as such. Otherwise it would be enough to show that the bankrupt's books contained the claim in full to dispense with any proof of claim. I am assuming for the sake of argument that it would be enough even if the creditor should agree with the trustee that the account in the ledger should stand for a claim. The petitioner cannot ask more than that, and he fails even to establish that.

Order affirmed; petition denied.